129 F.3d 127
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Luis SURIAN-LOPEZ, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70535.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 9, 1997.
Decided Oct. 29, 1997.
 
 Before: REINHARDT and TASHIMA, Circuit Judges, and FITZGERALD, District Judge.**
 MEMORANDUM*
 Jose Luis Surian-Lopez seeks judicial review of the decision of the Board of Immigration Appeals (BIA) denying him asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a), and we deny the petition.
 As the facts are known to the parties, we find no need to recite them here.
 We review the BIA's factual determinations, including its finding of whether an applicant has demonstrated a well-founded fear of persecution, under the substantial evidence standard. Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995) (citing INS v. Elias-Zacarias, 502 U.S. 478 (1992)).
 We find no merit in Surian-Lopez's contention that the Immigration Judge erred by finding that his testimony lacked credibility. The BIA independently reviewed the record and made its own finding that Surian-Lopez failed to demonstrate an objectively reasonable fear of persecution. Because the BIA conducted a de novo review of the record, we review only the decision of the Board. Ghaly, 58 F.3d at 1430.
 Surian-Lopez next argues that he demonstrated an objectively reasonable fear of persecution. Here, however, Surian-Lopez failed to carry his burden of establishing by "credible, direct and specific evidence in the record that persecution is a reasonable possibility." Singh v. Ilchert, 63 F.3d 1501, 1506 (9th Cir.1995). Substantial evidence supports the BIA's finding that guerrillas were interested in Surian-Lopez as a recruit, and not because of his low-level UCN membership. See Ghaly, 58 F.3d at 1429. Surian-Lopez described village-wide guerrilla recruitment efforts. Moreover, the guerrillas had repeated opportunities over a five-year period to carry out their threats against him, yet continued to give him additional chances to join their movement. See Rodriguez-Rivera v. INS, 848 F.2d 998, 1006 (9th Cir.1988) (per curiam) (guerrillas' will to carry out threats is a factor in determining well-founded fear of persecution). Surian-Lopez was required to demonstrate a well-founded fear of persecution "on account of" his political opinion. See Elias-Zacarias, 502 U.S. at 482. The BIA's contrary finding is supported by substantial evidence. Although we might come to a different conclusion on de novo review, certainly, the evidence was not "so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 484. The BIA did not abuse its discretion in concluding that Surian-Lopez was not statutorily eligible for asylum.
 Because Surian-Lopez failed to meet the lower standard for the granting of asylum, he cannot meet the "clear probability" standard for the withholding of deportation. Thus, the BIA's denial of his request for withholding of deportation was not erroneous. See Ghaly, 58 F.3d at 1429.
 PETITION DENIED.
 REINHARDT, J., dissenting:
 
 
 1
 The majority mechanically accepts the BIA's failure to follow the law and thus endorses once again an unjust deportation of a Central American refugee. Given the determinations made and not made by the BIA, the evidence presented before the immigration judge compels a finding that Surian-Lopez had a well-founded fear of persecution on account of his political beliefs. Accordingly, I dissent.
 
 
 2
 The BIA did not expressly adopt any of the immigration judge's findings, and therefore, as the majority acknowledges, in determining whether the BIA's decision is supported by substantial evidence this court reviews only the findings made by the Board. See Ghaly v. INS, 58 F.3d 1425, 1430 (9th Cir.1995). "Absent an explicit finding [by the Board] that a specific statement by the petitioner is not credible, we are required to accept [his] testimony as true." Hartooni v. INS, 21 F.3d 336, 342 (9th Cir.1994). There was no such explicit finding by the Board in this case, but the majority erroneously fails to accept his testimony. Even excluding the statements called into question by the BIA (and as to those statements, the Board did not explicitly contest petitioner's credibility), Surian-Lopez's testimony clearly establishes that he was the victim of persecution on account of his political beliefs. The majority simply fails to consider that evidence, which we must accept as credible, in the course of its routine approval of the Board's denial of asylum.
 
 
 3
 Specifically, Surian-Lopez related the following: As a member of the UCN, a democratic political party, he was involved in political activities from 1985 to 1990. In 1987, while he was handing out flyers for the presidential campaign, the guerrillas threatened him with death if he did not join them and cease his efforts on behalf of the UCN. In 1988, the guerrillas approached him at work, told him he should quit working, and again threatened him with death. In 1992, they told him that he should not align himself with the president, and specifically stated that they were going to kill him because of "that membership with the UCN." The BIA did not refute or otherwise challenge Surian-Lopez's testimony regarding these threats.
 
 
 4
 Although the BIA concluded that the guerrillas were only interested in Surian-Lopez as a recruit, the testimony set forth above, which we must accept as credible, compels a different conclusion--the guerrillas' threats were not mere recruiting tactics, they were also meant to harass and terrorize Surian-Lopez on account of his political beliefs. Continuing death threats over a five-year period can constitute persecution, even if the threats were never carried out against the asylum applicant. See Sangha v. INS, 103 F.3d 1482, 1487 (9th Cir.1997) (finding that a terrorist group's recruitment efforts, when accompanied by death threats, "are sufficient to show persecution"). Actual violence is not necessary to establish the requisite "infliction of suffering or harm." See Gonzalez v. INS, 82 F.3d 903, 909-10 (9th Cir.1996) (rejecting, in light of repeated death threats, the BIA's conclusion that because no harm actually came to the applicant, she was not persecuted); see also Singh v. INS, 94 F.3d 1353, 1359 (9th Cir.1996) ("Discrimination, harassment, or violence by groups the government is unwilling or unable to control can also constitute persecution.").
 
 
 5
 To reiterate, the Board did not challenge the credibility of Surian-Lopez's testimony regarding the numerous death threats he received on account of his membership in the UCN. Even though the Board set forth his testimony when describing the facts, it simply ignored that testimony thereafter and failed to consider it when it denied his asylum claim. The Board never identified any part of the record that caused it to conclude that the guerrillas were simply recruiting him, nor does anything in the record support that conclusion. Instead, the Board simply ignored the testimony that it had no basis for rejecting, and denied eligibility to Surian-Lopez notwithstanding the unchallenged and uncontroverted evidence that compelled that it be afforded. The majority simply repeats that error, without any more explanation than the Board provided.
 
 
 6
 Because the Board improperly failed to credit Surian-Lopez's testimony and reached conclusions that are unsupported by the record, I conclude that it abused its discretion. I would, therefore, grant the petition for review and remand to the BIA.
 
 
 
 **
 Honorable James M. Fitzgerald, Senior United States District Judge for the District of Alaska, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit, except as provided by Ninth Cir. R. 36-3